HARRY G. COHEN, RECEIVER OF HAL-MAR, INC., A COR-
PORATION, PLAINTIFF, v. MORTON J. MILLER, ALSO
KNOWN AS M. JEROME MILLER, VIRGINIA E. MILLER
AND ANNA MILLER, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 30, 1949.

452

Messrs. *Feld & Breitner* (*Mr. Samuel B. Feld*) attorneys for the plaintiff.

*Mr. Sidney J. Benjamin,* attorney for the defendants Morton J. Miller and Virginia E. Miller.

*Mr. Isadore Glauberman,* attorney for the defendant Anna Miller.

FREUND, J. S. C.   The plaintiff, statutory receiver of an insolvent corporation, Hal-Mar, Inc., filed an amended complaint containing two counts, against Morton J. Miller, Virginia E. Miller, his wife, and Anna Miller, his mother, seeking discovery, an account and judgment for $10,000 or such sum as the court may find to be due and owing creditors of said corporation.   The defendant, Anna Miller, has moved to dismiss on the ground that the complaint fails to set forth a cause of action.

The complaint is prolix and is not drawn in "simple, concise and direct" terms in conformity with *Rule* 3 :8–5 (a). *Grobart v. Society for Establishing Useful Manufactures,* 2 *N. J.* 136 (*Sup.* 1949).   However, *Rule* 3 :8–6, evidently intended for the court, provides "All pleadings shall be construed as to do substantial justice."   In that light, the infirmities of the complaint will be overlooked in order to ascertain whether a cause of action is set forth.

The complaint alleges that the corporation was incorporated under the laws of this State by certificate of incorporation executed on September 22, 1947, and filed with the Secretary of State on October 2, 1947.   The incorporators were Sidney Benjamin, Milton Benjamin and Miriam Benjamin, each of whom subscribed to ten shares of the capital stock of no par value.   The corporation had a short life, for within ten months, to wit, on July 16, 1948, the plaintiff was appointed custodial receiver and on August 2, 1948, statutory receiver. It is alleged that "no corporate meetings were held · * * * no stock was ever issued   * * *   no election of any officers or directors has been held and that the minute book fails to show any such election whatsoever."   It is averred that the defendant, Morton J. Miller, designated himself "manager;" and, at times, "secretary and treasurer."   On other occasions, his wife designated herself "secretary and treasurer," and the

defendant, Anna Miller, "president." Virginia E. Miller and Anna Miller were self-designated directors. It is charged that the said corporation was deliberately created for the benefit of Morton J. Miller and Virginia E. Miller as a vehicle for the perpetration of fraud; that the defendants used corporate funds for their personal disbursements and diverted corporate assets to other corporations—in short, that they engaged in a course of conduct constituting an appropriation and conversion of corporate property.

The plaintiff seeks to impose liability upon the defendants upon the theory that they were stockholders, directors and officers of the insolvent corporation, that they violated their fiduciary duties and are to be held accountable therefor. The defendant, Anna Miller, urges dismissal of the complaint and judgment in her favor on the pleadings because from the allegations of the complaint itself, she was neither a subscriber to stock, a stockholder, officer or director of the corporation, and, therefore, plaintiff's suit based upon violation of duty by a fiduciary cannot be maintained. The defendant's contention in this connection is sound, and were I confined in the construction of the complaint to the theory argued by the plaintiff, I would be obliged to grant defendant's motion.

In this case, we are not concerned with consideration of the question whether the corporation is a *de jure* one because the certificate of incorporation was duly filed under the General Corporation Act, or whether it is a *de facto* corporation because there has been no *bona fide* attempt to organize in the manner prescribed by the statute. *Stout v. Zulick,* 48 *N. J. L.* 599 *(E. & A.* 1886) ; *Paragon Distributing Corp. v. Paragon Laboratories,* 99 *N. J. Eq.* 224 *(Ch.* 1925) ; *Federal Advertising Corp. v. Hundermark,* 109 *N. J. L.* 12 *(Sup. Ct.* 1932) ; *Gallant v. Fashion Piece Dye Works,* 116 *N. J. Eq.* 483 *(Ch.* 1934) ; *Culkin v. Hillside Restaurant, Inc.,* 126 *N. J. Eq.* 97 *(Ch.* 1939). In either event the legality of the corporate existence may be inquired into and attacked only by the state. *Stout v. Zulick, supra; Elizabethtown Gaslight Co. v. Green,* 46 *N. J. Eq.* 118 *(Ch.* 1889) ; affirmed, 49 *N. J. Eq.* 329 *(E. & A.* 1892).

■ The Corporation Act provides for the qualification and election of directors and officers, *R. S.* 14:7–1 *et seq.*, and for the filing of reports of election, *R. S.* 14:6–2. The requirements relating to acts to be performed subsequent to incorporation, such as the election of directors, are often construed to be merely directory and are not made by statute conditions precedent to the legal existence of the corporation. *Vanneman v. Young,* 52 *N. J. L.* 403 (*E. & A.* 1890); *Frawley v. Tenafly Transportation Co.,* 95 *N. J. L.* 405 (*E. & A.* 1920). Failure to observe such statutory provisions does not, *ipso facto,* result in forfeiture or dissolution of the corporation. *R. S.* 14:10–2. *Hoboken Bldg. Ass'n v. Martin,* 13 *N. J. Eq.* 427 (*Ch.* 1861); *Appleton v. American Malting Co.,* 95 *N. J. Eq.* 375 (*E. & A.* 1903).

■ It is obvious that none of the essential organizational acts required to be performed subsequent to the filing of the certificate of incorporation were performed; no first meeting of the incorporators or subscribers to stock was held, no by-laws were adopted, no stock was issued, no directors or officers were or could have been elected. The defendant, Anna Miller, not being a *bona fide* holder of some stock, was ineligible for election as director, *R. S.* 14:7–2, or president of the corporation, *R. S.* 14:7–6. A person must not only be eligible but he must be elected and accept election as a director. *Wright v. First National Bank,* 52 *N. J. Eq.* 392 (*Ch.* 1894); reversed, *sub nom. Kuser v. Wright,* 52 *N. J. Eq.* 825 (*E. & A.* 1894); *Whittaker v. Amwell National Bank,* 52 *N. J. Eq.* 400 (*Ch.* 1894); *DuBois v. Century Cement Products Co.,* 119 *N. J. Eq.* 472 (*E. & A.* 1935).

■ ■ Generally, the officers of a corporation are designated in the by-laws. A person cannot be an officer of a corporation if there is no such office provided for in the articles or by-laws. *Fletcher, Cyc. Corp., (Perm. Ed.), Vol.* 2, §§ 269 and 270. Since the office of president was not created by appropriate action of the stockholders, there was no such *de jure* office. There can be no *de facto* officer where; for want of an office, there can be no *de jure* one. The rule is to be found in *Thompson on Corporations (3rd ed.), Vol.* 2,

§ 1211, *p*. 639: "The distinction between directors or officers *de jure* and such *de facto* must be kept in mind. In making this distinction, it will be observed that there must, in the first place, be a *de jure* office. There may be a *de jure* office and a *de jure* officer filling it; or there may be a *de jure* office, filled by a *de facto* officer. But there can be no *de facto* office filled by either a *de jure* or *de facto* officer. In other words, there must be a *de jure* office, whether it is filled by a *de jure* or a *de facto* officer." An officer *de jure* is one who holds an office to which he has been legally elected or appointed. An officer *de facto* is one who has the color of right or title to the office he exercises, one who has the apparent title of an officer *de jure*. *Fletcher, Cyc. Corp.*, §§ 373 and 374. "An officer *de facto* is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law." *Mechanics National Bank of Newark v. Burnett Mfg. Co.*, 32 *N. J. Eq.* 236 (*Ch.* 1880). By color of authority is meant authority derived from an election or appointment, however irregular or informal, so that the incumbent be not a mere volunteer.

The defendants in this case were neither *de jure* nor *de facto* officers or directors, and they did not function as such. They were not fiduciaries of the corporation. The responsibility of a subscriber to stock, a stockholder, director or officer toward a corporation is not applicable to defendants and the specific kind of liability which results from the violation of duty by such a fiduciary is not to be imposed upon them.

However, disregarding plaintiff's theory of the basis for liability and construing the facts set forth in the complaint, a cause of action is alleged against the defendants as usurpers or intruders. "The exact distinction between a usurper or intruder and an officer *de facto* is this: the former has no color of title to the office; the latter has by virtue of some appointment or election." *Fitchburg Railroad Co. v. Grand Junction Railroad and Depot Co.*, 83 *Mass.* 552 (*Sup. Jud. Ct., Mass.* 1861). "An officer *de facto* is one who exercises the duties of an office under a color of right by virtue of an

appointment or election to that office, as distinguished on the one hand from a mere usurper of an office." *State, ex rel. Mitchell v. Tolan,* 33 *N. J. L.* 195 (*Sup. Ct.* 1868). "* * * a usurper is one who takes possession without authority. He can show no color of title or right to the office." *Thompson on Corporations* (3rd ed.), *Vol.* 2, § 1554, *p.* 1166. In the instant case, therefore, the defendants were neither *de jure* nor *de facto* officers; they were usurpers or intruders. *Waterman v. Chicago and Iowa Railroad Co.,* 139 *Ill.* 658, 29 *N. E.* 689, 15 *L. R. A.* 418 (*Ill. Sup. Ct.* 1892); *Culkin v. Hillside Restaurant, Inc., supra.*

In addition, the defendants are charged with fraudulently appropriating and converting unto themselves and diverting to others the assets and property of the corporation. They are charged with having organized and used the corporate structure, hollow as it was, as a device for the perpetration of fraud. If so, they are accountable and liable for their acts of wrongdoing, though they be not stockholders or corporate fiduciaries. *Booth v. Wenderly,* 36 *N. J. L.* 250 (*Sup. Ct.* 1873); *Jennings v. Studebaker Sales Corp.,* 112 *N. J. L.* 399 (*E. & A.* 1933); *Havey v. Hoffman,* 121 *N. J. Eq.* 523; (*Ch.* 1937); affirmed, 123 *N. J. Eq.* 589 (*E. & A.* 1938); *Cohen v. Dwyer,* 133 *N. J. Eq.* 226 (*Ch.* 1943); affirmed, 134 *N. J. Eq.* 350 (*E. & A.* 1943); *Pennington Trap Rock Co. v. Pennington Quarry Co.,* 22 *N. J. Misc.* 318 (*Sup. Ct.* 1944). Ordinarily, for such misconduct an action at law might be maintainable, but in the present case the remedy at law would be inadequate. Under the facts alleged, the plaintiff is entitled to the equitable remedies of discovery and account. *Citizens Loan Ass'n v. Lyon,* 29 *N. J. Eq.* 110 (*Ch.* 1878); affirmed, 30 *N. J. Eq.* 732 (*E. & A.* 1879); *Whitfield v. Kern,* 122 *N. J. Eq.* 332 (*E. & A.* 1937).

In the recent case of *Steiner v. Stein,* 2 *N. J.* 367 (*Sup. Ct.,* decided June 13, 1949), Chief Justice Vanderbilt said: "* * * as under the old practice, once the jurisdiction of equity has attached 'it may retain the cause for all purposes, and proceed to a final determination of the entire controversy and, except where the jurisdiction of equity de-

pends on the prior establishment of a right at law, settle purely legal rights and grant legal remedies.' *Fleischer v. James Drug Stores,* 1 *N. J.* 142, 154 (1948). Accordingly, where an action is brought which in the first instance is cognizable in the Chancery Division, it should be retained in that division irrespective of the fact that before or during the trial the equitable phases of the cause have been fully disposed of, leaving only purely legal issues remaining for determination, *Mantell v. International Plastic Harmonica Corp.,* 141 *N. J. Eq.* 379 (*E. & A.* 1947)."

The receiver of an insolvent corporation represents the creditors and all parties having an interest in the corporation. While a receiver merely stands in the place of and has no greater right than the corporation over whose property he has been appointed receiver, as against strangers to the record who hold adversely property of the insolvent corporation or who are indebted to the insolvent corporation, the receiver must proceed against them by independent plenary suit, *Grobholz v. Mardel Mtge. Investment Co.,* 115 *N. J. Eq.* 411 (*E. & A.* 1933)—at law, if the remedy is complete and adequate; if not, in equity. This is such a suit, properly in the Chancery Division in view of the inadequacy of remedy in the Law Division.

Accordingly, the motion to strike the complaint and for summary judgment in favor of the defendant, Anna Miller, is denied.